The opinion of the Court was delivered by
Johnson, J.
1. Where a party intends to bring before this Court,[1] a motion to reverse the decision or order of a Circuit Court, upon serving notices and briefs as required by the 46th and 47th Buies of Court, and *67 docketing bis cause, agreeably to tbe 48th Rule, the opposite party is not at liberty to proceed in the Circuit Court, until that motion is disposed of. But if he fails to do what is required by these rules, the 49th rule authorizes the party in possession of the decision or order, to proceed, as if no notice had been given. In this case, all the defendant did, was to give the notice required by the 46th Rule; but he neither served briefs, nor docketed his case, which are expressly required by the 47th and 48th Rules. The plaintiff, therefore, was at liberty to proceed, as if no notice had been given. It is insisted, however, on the part of the defendant, that the latter part of the 47th Rule requires impliedly, that to warrant a party in proceeding in the Court below, the plaintiff should have moved the Court to dismiss the motion. There is nothing in that rule which imposes it as a duty on the party to make such a motion; it only puts it in his power to do so; and the 49th Rule expressly authorizes him to proceed in the same manner as if no notice had been given.
Grafts, for the motion. Lance, contra.
*2. The act of the legislature,[1] prescribing the mode of ad-measuring and laying out dower, (P. L., 408, 1 Brev. Dig., 270,) requires that the party opposing the claim shall show cause, at the return of the summons, and declares the return of the commissioners shall be final and conclusive between the parties. It follows, therefore, that it was too late to contest the right of the plaintiff, at the return of the writ. If the party was dissatisfied with the order of the Court, granting the writ, he ought to have prosecuted his motion to reverse that order, agreeably to the notice given. The case of Grimke v. Rochell, decided in the Constitutional Court in Columbia, some years ago, determined this question. That was a case of partition, in which the proceedings are precisely the same, as in dower; the Court held, that an objection to the party’s right to recover, came too late, at the return of the writ.
I am of opinion the defendant’s motion ought not to prevail on either ground.
Nott, Colcock, Cheves and $antt, JJ., concurred.

 Miller’s Comp. 25, 45; Rules of 1857, 77, 80, 82.

 A. D. 1786, 4 Stat. 742.